**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Apr 17 2014, 10:07 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JENNIFER G. SCHLEGELMILCH**
Hulse, Lacey, Hardacre & Austin, P.C.
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| GWENDOLYN F. JONES, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 48A02-1308-CR-678 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Dennis D. Carroll, Judge
Cause No. 48C06-1208-FB-1449

**April 17, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Gwendolyn F. Jones ("Jones") appeals her convictions for Robbery, as a Class B felony,[1] Battery, as a Class C felony,[2] and Intimidation, as a Class C felony.[3] We affirm the Robbery and Battery convictions and remand to the trial court with instructions to enter judgment upon the Intimidation conviction as a misdemeanor and resentence Jones.

**Issues**

Jones presents three issues for review, which we restate as follows:

I.      Whether her convictions for Robbery as a Class B felony and Battery as a Class C felony violate the double jeopardy provisions of the Indiana Constitution;

II.     Whether sufficient evidence supports the elevation of the Intimidation offense to a Class C felony; and

III.    Whether her thirteen-year aggregate sentence, with five years suspended, is inappropriate.

**Facts and Procedural History**

In May of 2012, Jessica McQueary ("McQueary") was in a relationship with D'vante Strong ("Strong"), who is Jones's son. On the morning of May 4, 2012, the couple awoke and discovered that McQueary's houseguest had left with D'vante's handgun and money. Strong demanded that McQueary get his property back. McQueary left the house to do so.

---

[1] Ind. Code § 35-42-5-1(2).
[2] I.C. § 35-42-2-1(a)(3).
[3] I.C. § 35-45-2-1. She does not challenge her misdemeanor conviction for Carrying a Handgun Without a License.

When McQueary returned to her house, with Strong's handgun in her purse,[4] she discovered that her house had been trashed and items were missing. McQueary then refused to give Strong the handgun; he responded by threatening that he would have his mother and sister hurt her. Frightened, McQueary ran out the back door to a nearby library. At the library, Strong and Jones appeared and began yelling that McQueary had a gun. A security guard asked the trio to leave the premises. They continued on to a Family Dollar Store parking lot.

According to McQueary, while Strong blocked her path, Jones and her daughter, Eria Jones ("Eria"), who had been driven to the store by a friend, grabbed McQueary and tried to get her purse.[5] Also according to McQueary, Eria hit McQueary in the face and the pair were "beating [her] head up against the side of the trash can." (Tr. 267-68.) McQueary's purse was taken and its contents dumped out. Jones retrieved the handgun and hit McQueary in the head with it. Jones told McQueary that if she called the police, she was "going to get it." (Tr. 277.)

McQueary sought medical attention at a hospital. She was examined and found to have facial contusions and a one-half inch laceration behind her left ear. At first, McQueary reported to police that someone other than Jones had beaten her. Eventually, however, McQueary identified Jones and Eria as her attackers. With police assistance, McQueary placed a recorded telephone call to Jones and elicited an apology from her.

---

[4] McQueary did not recover the missing cash.
[5] McQueary, as a witness for the State, testified that Eria joined in the attack. Eria and her friend, Carla Redick, also prosecution witnesses, testified that only Jones struggled with McQueary and took her purse.

3

The State charged Jones with two counts of Robbery, and one count each of Battery, Intimidation, and Carrying a Handgun Without a License. At the conclusion of a jury trial, Jones was found guilty of all charges. Due to double jeopardy concerns, the trial court declined to enter a judgment of conviction on the second Robbery count. Jones was sentenced to thirteen years for Robbery, with five years of that sentence suspended. She received concurrent sentences of five years for Battery, five years for Intimidation, and one year for Carrying a Handgun Without a License. Accordingly, she received an aggregate sentence of thirteen years, with five years suspended. This appeal ensued.

## Discussion and Decision

### Double Jeopardy

Jones argues there is a reasonable possibility that the jury used the evidence of a single injury to McQueary to support the elevation of Robbery to a Class B felony and also to support the elevation of Battery to a Class C felony.

The double jeopardy clause of the Indiana Constitution provides, "No person shall be put in jeopardy twice for the same offense." Ind. Const. art. 1, § 14. Our Indiana Supreme Court has held that two or more offenses are the "same offense" in violation of Indiana's double jeopardy clause if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense. Richardson v. State, 717 N.E.2d 32, 49 (Ind. 1999).

4

Aside from the constitutional actual evidence test, our Indiana Supreme Court has identified five common law or statutory double jeopardy categories: (1) conviction and punishment for a crime which is a lesser-included offense of another crime for which the defendant has been convicted and punished, (2) conviction and punishment for a crime which consists of the very same act as another crime for which the defendant has been convicted and punished, (3) conviction and punishment for a crime which consists of the very same act as an element of another crime for which the defendant has been convicted and punished, (4) conviction and punishment for an enhancement of a crime where the enhancement is imposed for the very same behavior or harm as another crime for which the defendant has been convicted and punished, and (5) conviction and punishment for the crime of conspiracy where the overt act that constitutes an element of the conspiracy charge is the very same act as another crime for which the defendant has been convicted and punished. Guyton v. State, 771 N.E.2d 1141, 1143 (Ind. 2002). Jones argues that the fourth category is implicated in her case.

The State alleged in Count I that Jones committed "Robbery Resulting in Bodily Injury," a Class B felony, in violation of Indiana Code section 35-42-5-1(2). (App. 196.) This statute provides that one who knowingly or intentionally takes property from another person by using or threatening the use of force or putting a person in fear commits robbery, a Class C felony. However, the offense is a Class B felony if it is committed while armed with a deadly weapon or results in bodily injury to any person other than a defendant. The State did not allege, or present evidence to prove, that Jones was armed with a deadly weapon

5

when she took the purse and its contents from McQueary. Accordingly, the jury was invited to rely upon evidence of bodily injury to support the elevation of Robbery to a Class B felony.

Jones points out that the charging Information was not specific as to what injury was alleged to have occurred during the robbery. However, the testimonial and documentary evidence established the nature and timing of separate injuries to McQueary. McQueary testified that Jones and Eria struck McQueary and beat her head against a trash can before snatching and dumping out her purse. After the weapon fell out of the purse, Jones picked it up and struck McQueary with it. McQueary sustained facial contusions from blows inflicted in an effort to acquire her purse and a one-half-inch laceration from a blow to the head after her property had been obtained.

The State alleged in Count III that Jones committed "Battery by Means of a Deadly Weapon," a Class C felony, in violation of Indiana Code section 35-42-2-1(a)(3), by touching McQueary with a handgun. (App. 197.) The referenced statutory subsection provides that battery (a knowing or intentional touching in a rude, insolent, or angry manner) is a Class C felony if it results in serious bodily injury to any other person or if it is committed by means of a deadly weapon. The State presented evidence that Jones struck McQueary in the head with a handgun, a deadly weapon. In closing argument, the prosecutor argued that the battery was a Class C felony offense because of the "involvement" of the "deadly weapon." (Tr. 387.) The jury was not urged to elevate the offense based upon injury to McQueary.

The elevation of the Robbery offense and the elevation of the Battery offense rest upon independent facts. That is, the Robbery was elevated because of bodily injury to McQueary in the course of the robbery. The Battery was elevated because it was accomplished by means of a deadly weapon. Jones has demonstrated no double jeopardy violation.

<u>Sufficiency of the Evidence - Intimidation</u>

Indiana Code section 35-45-2-1 provides that a person who communicates a threat to another person, with the intent that the other person engage in conduct against the other person's will commits Intimidation, a Class A misdemeanor. The offense is a Class C felony if, while committing it, the person draws or uses a deadly weapon. I.C. § 35-45-2-1(b)(2)(A).

The State alleged that Jones, "while armed with a deadly weapon," threatened McQueary with the intent that McQueary not report the robbery to police. (App. 197.) Jones claims that the evidence is insufficient to support her conviction because the jury was required to speculate that she drew a weapon. The State responds that Jones was not required to draw the weapon, but only to use it, to support the elevation.

When reviewing a claim of insufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses, but will consider only the probative evidence and reasonable inferences supporting the judgment. <u>Drane v. State</u>, 867 N.E.2d 144, 146 (Ind. 2007). We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. <u>Id.</u>

With regard to the charge of Intimidation, McQueary testified as follows:

7

Prosecutor: [W]ere there any threats made to you at the time of the assault?

McQueary: Yes.

Prosecutor: Who threatened you?

McQueary: Gwendolyn Jones.

Prosecutor: What did she say?

McQueary: That I better not tell nobody about it or else.

Prosecutor: She didn't say –

McQueary: The incident about her pistol whipping me that I shouldn't tell anybody, I shouldn't tell the police about it.

Prosecutor: Say that again because you're speaking very softly I didn't catch all that.

McQueary: She told me that I shouldn't tell the police anything or else I was going to, I was going to get it. Like I was scared to tell the police anything so I didn't tell them the truth, that's why I didn't tell them.

Prosecutor: When she said don't tell the police or you're going to get it, how, how did you take that?

McQueary: As a threat.

Prosecutor: What did you take that to mean?

McQueary: A threat.

Prosecutor: A threat to what?

McQueary: That something else was going to happen to me.

Prosecutor: Physically?

McQueary: Yes.

(Tr. 276-77.) The State did not elicit evidence that Jones was still armed when she uttered

the threat.

8

McQueary's testimony is sufficient to permit a fact-finder to conclude, beyond a reasonable doubt, that Jones communicated a threat to McQueary with the intent that McQueary refrain from contacting police, conduct against her will. However, there is no testimony from which the jury could conclude that Jones either drew or used a weapon when communicating the threat. A criminal conviction absent proof beyond a reasonable doubt on each element of the charged crime amounts to fundamental error. See In re Winship, 397 U.S. 358, 361 (1970) (requiring that the State must prove every element of the crime charged beyond a reasonable doubt). Here, while the State established that Jones committed Intimidation, as a Class A misdemeanor, the element elevating the offense to a Class C felony is not supported by the evidence.

Accordingly, we remand to the trial court with instructions to enter a judgment of conviction for Intimidation as a Class A misdemeanor and impose a misdemeanor sentence.

<u>Sentencing</u>

Jones contends that the aggregate thirteen-year sentence, with five years suspended to probation, is inappropriate. Because we remand for resentencing, we do not reach this issue.

**Conclusion**

Jones's multiple convictions do not violate the double jeopardy provisions of the Indiana Constitution. There is sufficient evidence to support her conviction for Intimidation, but insufficient evidence to support the elevation from a misdemeanor to a Class C felony.

We affirm in part, reverse in part, and remand with instructions to enter judgment upon the Intimidation conviction as a misdemeanor and sentence Jones accordingly.

KIRSCH, J., and MAY, J., concur.